ATKINSON & DEBARTOLO, P.C.
The Galleria, 2 Bridge Avenue
Building Two, Third Floor
P.O. Box 8415
Red Bank, New Jersey 07701
BA9186
Attorney for Trustee, Bunce D. Atkinson

| | |
|---|---|
| CLEAR ADVANTAGE TITLE, INC. (a New Jersey Corporation) and EDWARD A. M. FURFEY,<br><br>                    Plaintiffs,<br><br>v.<br><br>JEFFREY GIBB and HOLLY PAXMAN, husband and wife and 1ST CONSTITUTION BANK, jointly, severally and in the alternative,<br><br>                    Defendants. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY CASE NO. 07-28673/MBK<br>ADV. NO.:<br><br><u>Civil Action</u><br><br>**NOTICE OF REMOVAL** |

TO:    THE HONORABLE MICHAEL B. KAPLAN, U.S.B.J.
          DISTRICT OF NEW JERSEY, TRENTON VICINAGE

        Plaintiff, the Debtor Estate of Clear Advantage, Inc. (hereinafter referred to as "Clear Advantage" or the "Plaintiff"), by and through its attorneys, Atkinson & DeBartolo, P.C. respectfully applies for the removal of this civil action directly to the United States Bankruptcy Court for the District of New Jersey, Trenton Vicinage rather than first to the United States District Court. The basis for the direct removal is set forth in the Order of Referral in *First American Title Insurance v. Clear Advantage Title, et al.* in which the Court provided that Notices of Removal could be filed directly with the Bankruptcy Court Clerk.

        1.      On December 19, 2007, Clear Advantage Title, Inc. ("Clear Advantage" or the "Debtor") filed a petition for relief under Chapter 7 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New

Jersey, Trenton (the "Bankruptcy Court") bearing case number 07-28673 (MBK) (the "Bankruptcy Case").

2.    Thereafter, on December 20, 2007, the Office of the United States Trustee, Region 3, appointed Bunce D. Atkinson, Esq. as the interim Chapter 7 Trustee (the "Trustee").

3.    In this Notice of Removal, the Debtor Estate of Clear Advantage Title is exercising its right pursuant to 28 *U.S.C.* § 1452, *et. seq*, to remove a pending state court action entitled *Clear Advantage Title, Inc. v. Jeffrey Gibb and Holly Paxman, Husband and Wife, and 1st Constitution Bank,* Docket No. MER-L-69-07 (the "State Court Action") from the Superior Court of New Jersey, Chancery Division, Mercer County (the "State Court"), to the United States Bankruptcy Court as part of the District Court for the District of New Jersey.  This case was administratively consolidated with *First American Title Insurance Company v. Clear Advantage Title and Gibb*, which was removed to the United States District Court on January 7, 2008 and referred to the United States Bankruptcy Court for the District of New Jersey, Trenton (Honorable Michael B. Kaplan, U.S.B.J. presiding) on January 30, 2008.  It was subsequently discovered that the two Superior Court cases had been consolidated for discovery only.  This removal should be deemed timely under Rule 9027 based upon the previous removal of the consolidated case.  The Trustee believed that as a result of that removal, both cases had been removed.

4.    At the time of the commencement of the Bankruptcy Case, the State Court Action was pending and, until the filing of this Notice of Removal and the filing of a copy of this Notice of Removal with the State Court, continues to be pending before the State Court.  The complaint seeks recovery of monies which would be assets of the Debtor Estate and is a core proceeding.

5.    Clear Advantage originally filed a complaint on November 14, 2006.  Thereafter, it was amended by a First Amended Complaint on January 10, 2007 and a Second Amended Complaint filed August 16, 2007.  Copies of the Complaint, First Amended Complaint and the Second Amended Complaint are attached hereto as **Exhibits "A" "B" and "C"** in accordance

with the Bankruptcy Rule 9027(1).  If any additional documents relating to the State Court Action are required, Plaintiff will submit such documents.

6.      The District of New Jersey, Trenton, encompasses Mercer County, the place where the State Court Action is pending.

7.      This Court has original jurisdiction over this State Court Action pursuant to 28 *U.S.C.* § 1334(b), and it is hereby removed to this Court under the provisions of 28 *U.S.C* §1452(a).  The State Court Action is properly removable because of its close connection to the Debtor's Chapter 7 proceeding pending in the Bankruptcy Court.

8.      28 *U.S.C.* § 1452(a) provides as follows:

> (a)  A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit's police or regulatory power, to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

9.      The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court; and is not a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

10.      The State Court Action is related to and has facts similar to a complaint presently pending in the Untied States Bankruptcy Court entitled *First American Title Insurance Company v. Clear Advantage Title, Edward A. Furfey, Jeffrey Gibb, et al*, Adversary No. 08-01133.  In fact, as set forth above, the State Court Action was consolidated with the *First American vs. Clear Advantage Title* matter, Adversary No. 08-01133, which was removed from the State Court on January 30, 2008.

11.      Pursuant to 28 *U.S.C.* § 157 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984, referring all cases under the Bankruptcy Code to the Bankruptcy Court (hereinafter, the "Standing Order"), the

Bankruptcy Court presiding over the Bankruptcy Case has jurisdiction over the causes of action asserted in the State Court Action under 28 *U.S.C.* § 1334.

12.     The Clear Advantage Bankruptcy is presently pending before the Honorable Michael B. Kaplan, U.S. B. J., United States Bankruptcy Court for the District of New Jersey. The Plaintiff's Trustee respectfully submits that the Action should be removed to this Court pursuant to 28 *U.S.C.* § 1452, Bankruptcy Rule 9027, Rule 9001(3) and 11 *U.S.C.* § 301(b).

13.     The Plaintiff, the Debtor Estate of Clear Advantage Title, is removing this case to the Bankruptcy Court for the District of New Jersey, which has jurisdiction to adjudicate the claims asserted by Plaintiff.  The cause of action to recover estate property is a core proceeding. Courts have construed a bankruptcy court's core jurisdiction "as broadly as possible" so as to be "close to or congruent with constitutional limits." *Luan Investment S.E. v. Franklin 145 Corp.* (*In re Petrie Retail*), 304 F. 3d 223, 229 (2d Cir. 2002) (internal quotations and citations omitted). This jurisdiction reach is "essential to the efficient administration of bankruptcy proceedings." *Id*.  Upon transferring to the Bankruptcy Court, the Trustee will seek to consolidate the case substantively with the *First American v. Clear Advantage Title* matter, Adversary No. 08-01133.

14.     Bankruptcy courts may also adjudicate state law claims pursuant to "arising in" jurisdiction when those claims are at the "heart" of the administration of the bankruptcy estate, as is the case here.  See, e.g., *Central Vermont Public Serv. Corp.*, 341 F.3d 186, 191 (2d Cir. 2003) (citing *In re Ben Cooper*, 896 F.2d 1394, 1399 (2d Cir. 1991)).  The removal of this State Court Action will assist in administering the Debtor's estate by potentially avoiding concurrent proceedings addressing the same subject matter, as shown below.

15.     As the title to 28 *U.S.C.* § 1452 itself indicates, ("Removal of Claims related to bankruptcy cases"), matters that can be removed included claims "related to" a bankruptcy case within the meaning of 28 *U.S.C.* § 1334(b).

16.    All the claims in the Complaint constitute core matters related to the bankruptcy of Clear Advantage Title.  The Trustee is seeking to recover embezzled monies and funds wrongfully paid for the Debtor's account by the bank.

17.    In its Second Amended Complaint, the Debtor Estate is seeking to collect from Jeffrey Gibb and Holly Paxman, monies which he wrongfully withdrew from the accounts of Clear Advantage Title which funds were utilized by Jeffrey Gibb and his wife, Holly Paxman, for the purchase of assets in the name of Holly Paxman.  The complaint also seeks damages from 1st Constitution Bank arising out of its wrongful payment of checks that did not bear the authorized signature of Edward Furfey, and which were not authorized by the Debtor.

18.    The Bankruptcy Court can and should adjudicate any claims for property  of the estate  and for judicial economy having the case consolidated with the *First American v. Clear Advantage Title* matter.

19.    No previous application has been made for this, or any similar relief by the Trustee because the Trustee believed that the matter had already been removed to the District Court at the time of the removal of the *First American v. Clear Advantage Title* because the case had been consolidated in the State Court Action.  It was subsequently discovered that the matters had only been consolidated for purposes of discovery.

20.    In accordance with 28 *U.S.C.* § 1452 and Bankruptcy Rule 9027(b), after the filing the Notice of Removal, the Plaintiff will promptly give notice of the filing of the Notice of Removal to the Defendants (a copy of which is annexed hereto as **Exhibit D**), and shall file a copy of the Notice of Removal with the County Clerk of the Superior Court of New Jersey, Law Division, Mercer County.


WHEREFORE, Plaintiff, the Debtor Estate of Clear Advantage Title, respectfully requests that the matter *Clear Advantage Title Company, Inc. and Edward A. M. Furfey v. Jeffrey Gibb and Holly Paxman, Husband and Wife and 1st Constitution Bank*, Docket No.      MER-

L-69-07, presently pending in the Superior Court of New Jersey, Law Division, Mercer County,

be removed to this Court, and this Court accept jurisdiction of said action, and upon acceptance

of jurisdiction, that this matter thereupon be assigned to the Honorable Michael B. Kaplan of the

United States Bankruptcy Court for the District of New Jersey.


Dated:  October 22, 2008                           Respectfully submitted,



                                                   ATKINSON & DEBARTOLO, P.C.
                                                   Attorneys for Trustee for the
                                                   Debtor Estate of Clear Advantage

                                                   */s/ Bunce D. Atkinson*
                              BY:    _____
                                                   BUNCE D. ATKINSON, ESQ.

# EXHIBIT A

R. DOUGLAS HOFFMAN, ESQUIRE
1300 Kuser Road
Hamilton, NJ    08619
(609) 585-6008

_____

Plaintiff

CLEAR ADVANTAGE TITLE
COMPANY, INC., A New Jersey
Corporation

        v.

Defendant

JEFFREY GIBB and HOLLY
PAXMAN, husband and wife,
jointly, severally and in the
alternative.

_____

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
MERCER COUNTY

DOCKET NO.

Civil Action

VERIFIED COMPLAINT

 

Plaintiff, Clear Advantage Title Company, Inc., having its principal place of

business at 1670 Whitehorse Hamilton Square Road, in the Township of Hamilton,

County of Mercer and State of New Jersey by way of complaint against the defendant,

says:

### FIRST COUNT

1. At all times herein mentioned, the is a title agency licensed by the State of

New Jersey and responsible for preparing title reports and issuing title policies for

purchasers and sellers of real property in the State of New Jersey.

2. At all times herein mentioned, the defendant, Jeffrey Gibb, was an

employee of plaintiff who was hired on February 28, 2003 as a title examiner.

3. At all times herein mentioned, Holly Paxman, was the wife of the

defendant Jeffrey Gibb and by virtue of their marriage benefitted by the accumulation

of assets as a result of the actions of the defendant, her husband, Jeffrey Gibb.

4. Plaintiff has been in business since February of 1995 and provides in addition to title examinations and the issuance title policies settlement services to assist their clients in buying or selling real estate. Plaintiff is licensed by the State of New Jersey and regulated by the State of New Jersey. As part of the requirement for licensure, plaintiff is required to maintain a trust account in which plaintiff deposits monies from lenders and purchasers to purchase real estate and from which it expends monies for various disbursements associated for the real estate transaction. Other than the search fees, settlement fee and title insurance premium, the funds collected by plaintiff are monies of other individuals for which plaintiff acts as an escrow agent.

5. Plaintiff has a practice of opening a new trust account every two years as an additional means of self-auditing its accounts and to make sure all accounts balance out. Plaintiff last changed trust accounts on March 5, 2005 and all trust accounts maintained by plaintiff are with the First Constitution Bank.

6. On or about October, 2006, the President, Ed Furfey, received a phone call from a representative of First Constitution Bank indicating that there was suspicious activity going on in his account by his employee, Jeffrey Gibb, defendant herein. As explained by the representative of First Constitution Bank and as born out by the exhibits hereinafter attached, the embezzlement occurred by defendant, a trusted employee and title examiner, requesting checks allegedly to pay off various expenses to clear title for the purchasers on various accounts. Defendant would then take the check to First Constitution Bank and request First Constitution Bank to remit bank checks as directed by defendant from which defendant paid a number of personal

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

expenses as well as making deposits in his personal checking account.

7. Plaintiff immediately began an audit on his accounts and discovered on an initial review that defendant had embezzled at least $160,000.00 and may have embezzled as much as $750,000.00 during the course of his employment.

8. On October 12, 2006, plaintiff's President Ed Furfey, confronted the defendant, Jeffrey Gibb, with verification of the $150,000.00 which he could then prove have been embezzled. Defendant Gibb was fired and defendant Gibb, who is also a long time friend of plaintiff, admitted that he had embezzled money and promised to pay it back. From the preliminary audit and review by plaintiff, plaintiff has determined that the following monies have been embezzled:

a. The sum of $3,614.00, check #6501 on May 24, 2005 which deposited into the personal account of defendant, Jeffrey B. Gibb on June 27, 2005. (See Exhibit "A").

b. Check #18112, dated February 1, 2006, in the amount of $2,498.13 of which $1,580.00 went to defendant and $888.13 was made payable by defendant to Tompkins Trust for defendant's credit card company bill in New York. (See Exhibit "B").

c. Check #06664 dated July 31, 2005, in the amount of $350.00, payable to defendant, Jeff Gibb, and deposited into his account. (See Exhibit "C").

d. Check #18523 dated February 15, 2006, in the amount of $3,750.00 of which $1,675.00 was made payable to East Coast Entertainment, Inc. for defendant's wedding and $1,045.00 was payable to Tompkins Trust Company for defendant's credit card company bill in New York and $1,000.00 being payable directly to

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

defendant, Jeff Gibb.  (See Exhibit "D").

e.  Check #20985 dated May 1, 2006 in the amount of $39,505.33 which defendant used to pay Christopher Costa, Esquire towards the purchase of a home owned by defendant, Holly Paxman, defendant's wife, on Westcott Road, Princeton, New Jersey.  (See Exhibit "E" being copies of checks and copy of Deed).

f.  Check #103863 dated February 7, 2006 in the amount of $2,938.56 on which defendant's notation was settlement of a judgment but for which it was used to pay an obligation of his to Chase Manhattan Bank of $1,418.56 and the balance of $1,500.00 was payable to him.

(See Exhibit "F").

g.  Check #27256 dated August 24, 2006, in the amount of $11,781.00 of which $1,771.00 was paid directly to defendant; $1,970.00 was payable to Tompkins Trust, defendant's credit card company bill in New York; $6,000.00 was payable to Pennington School for defendant's daughter's tuition and $2,000.00 was payable to Chase Manhattan Bank for account #5140180210000337, a credit card of defendants. (See Exhibit "G").

h.  Check #26357 dated August 7, 2006 in the amount of $13,961.32 which defendant disbursed by paying to Heather Kall  $2,000.00; a check for $2,250.00 to Stockton Realty for defendant's rent; a check to Classen in the amount of $4,000.00 which is a nursing home in which his mother is a resident; a check for $4,000.00 to Daufuskie Island residence which is a resort on Hilton Head; a check to defendant for $451.32; and a check to Kall for $1,200.00 and a check to Eli Perris Veternarian for $1,200.00.  (See Exhibit "H").

I.  Check #27647 dated September 8, 2006 in the amount of $6,697.00 and check #27646 dated August 1, 2006 in the amount of $8,423.00 for which defendant paid $2,600.00 to Tompkins Trust for defendant's credit card company bill in New York; $8,000.00 to Pelletieri, Rabstein and Altman for a retainer; $413.00 to defendant, $2,057.00 to defendant and $2,000.00 to Tompkins Trust for defendant's credit card company bill in New York.  (See Exhibit "I").

j.  Check #103873 dated April 3, 2006 in the amount of $5,958.38 for which defendant paid $1,200.00 to Kim Henderson believed to be towards the purchase of the home for his wife; $918.38 payable to a trust company ;  $2,250.00 payable to Stockton Realty for defendant's rent; and $1,550.00 payable directly to defendant. (See Exhibit "J").

k.  Check #102591 dated March 25, 2005 in the amount of $1,842.22 and check #2039 dated April 20, 2005 in the amount of $2,568.00 which monies were deposited into the personal account of defendant at First Constitution Bank.  (See Exhibit "K").

l.  Check #27516 dated September 5, 2006 in the amount of $10,727.75 from which monies defendant paid a credit card with Chase Manhattan Bank in the amount of $4,697.75, paid a personal bill for Classen HHC in the amount of $4,000.00 and had a check written to himself in the amount of $2,000.00.  (See Exhibit "L")

m.  Check #27276 dated August 25, 2006 in the amount of $4,426.00 from which defendant wrote a check to himself for $1,306.00 and wrote a check on his behalf to Classen HHC for $3,100.00.  (See Exhibit "M").

n.  Check #27160 dated August 22, 2006 in the amount of $5,381.00 from

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

which defendant had written a check in the amount of $2,861.00 for his credit card at

Chase and a check in the amount of $2,500.00 directly to defendant. (See Exhibit

"N").

    o.  Check #27139 dated August 7, 2006 in the amount of $6,854.43 from

which defendant had written a check to himself for $3,480.00 and a check for his

credit card at Chase in the amount of $3,354.43. (See Exhibit "O").

    p.  Check #27129 dated August 18, 2006 in the amount of $9,997.00 from

which defendant had written a check to the Pennington School for his child's tuition

in the amount of $5,000.00, a check for defendant's credit card with Tompkins Trust

in the amount of $1,800.00, a check for defendant's credit card with Chase in the

amount of $657.00 and a check directly to defendant in the amount of $2,500.00.

(See Exhibit "P").

    q.  Check #27004 dated August 7, 2006 in the amount of $1,762.00 from

which defendant had written a check to his credit card bill with Tompkins Trust

Company in the amount of $250.00 and a check to himself in the amount of

$1,692.00. (See Exhibit "Q").

    r.  Check #26416 dated July 21, 2005 in the amount of $2,189.52 from which

defendant had issued checks for his credit card with Tompkins Trust in the amount of

$169.52, directly to defendant in the amount of $2,000.00 (See Exhibit "R").

    s.  Check #26062 dated July 21, 2005 in the amount of $1,106.28 and check

#26061 dated July 26, 2006 in the amount of $2,839.61 from which defendant had

written a check to himself in the amount of $1,096.28 and a check to Chase, his credit

card company in the amount of $2,000.00 and an additional check to himself in the

amount of $819.61 (See Exhibit "S").

t. Check #26026 dated July 25, 2006 in the amount of $6,842,38 to which defendant had written a check to Chase, his credit card, in the amount of $6842.38. (See Exhibit "T").

u. Check #26013 dated July 24, 2006 in the amount of $2,674.00 from which defendant had written a check to Classen HHC in the amount of $2664.00. (See Exhibit "U"). .

v. Check #25999 dated July 24, 2006 in the amount of $4,976.38 from which defendant had written checks to Tompkins Trust, his credit card, in the amount of $1,456.38 and to himself in the amount of $3,500.00. (See Exhibit "V").

w. Check #25843 dated June 30, 2006 in the amount of $689.23 from which a check in the amount of $130.00 was issued to Tompkins Trust, defendant's credit card company, and a check for $539.23 was issued directly to defendant. (See Exhibit "W").

x. Check #25803 dated December 27, 2005 in the amount of $922.31 from which defendant had issued to himself a check in the amount of $800.00 and defendant had issued to his credit card bill at Chase a check in the amount of $102.31. See Exhibit "X").

y. Check #25697 dated June 29, 2006 in the amount of $3,578.76 from which defendant had issued a check to himself in the amount of $3,240.00 and a check to his credit card with Tompkins Trust Company in the amount of $318.76. (See Exhibit "Y").

z. Check #23956 dated June 29, 2006 in the amount of $1,845.25 for which

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ 08619

defendant had issued to himself a check in the amount of $995.00 and a check to his

credit card with Tompkins Trust in the amount of $830.25.  (See Exhibit "Z")

aa.  Check #23853 dated June 29, 2006 in the amount of $5,145.25 from

which defendant had issued a check to Classen HHC in the amount of $5,135.25.

(See Exhibit "AA").

bb.  Check #23846 dated June 29, 2006 in the amount $6,365.41 from which

defendant had a check issued to Tompkins Trust, his credit card, in the amount of

$1,495.41 and a check issued to himself in the amount of $4,850.00.  (See Exhibit

"BB").

cc.  Check #23845 dated June 29, 2006 in the amount of $5,032.28 from

which defendant paid his credit card with Chase directly.  (See Exhibit "CC").

dd.  Check #23595 dated June 21, 2006 in the amount of $953.00 from which

defendant paid his credit card with Tompkins in the amount of $203.00 and wrote a

check to himself in the amount of $730.00.  (See Exhibit "DD").

ee.  Check #23541 dated June 13, 2006 in the amount of $1,797.00 from

which defendant wrote a check to Tompkins Trust in the amount of $427.00 and had

written himself a check in the amount of $1,350.00.  (See Exhibit "EE").

ff.  Check #23445 dated June 13, 2006 in the amount of $3,250.00 for which

defendant had written a check to himself in the amount of $2,655.00 and a check to

Tompkins Trust in the amount of $585.00.  (See Exhibit "FF").

gg.  Check #23392 dated June 14, 2006 in the amount of $4,250.00 from

which defendant had written a check to himself in the amount of $3,930.00 and a

check written to his credit card with Chase in the amount of $300.00.  (See Exhibit

"GG").

hh.  Check #23358 dated June 13, 2006 in the amount of $6,333.52 from

which defendant had a check issued to Tompkins Trust in the amount of $1,053.27, a

check to Chase for his credit card in the amount of $2,000.00 and a check to himself

in the amount of $3,250.25.  (See Exhibit "HH").

ii.  Check #23174 dated May 17, 2006 in the amount of $2,757.51 from which

defendant had issued a check in the amount of $1,800.00 to himself and a check in the

amount of $937.51 to Tompkins Trust.  (See Exhibit "II").

jj.  Check #22442 dated December 28, 2005 in the amount of $8,853.21 from

which defendant had cut checks to himself in the amount of $1,573.21 to Daufuskie

Island Resort in the amount of $5,000.00 and to Stockton Realty in the amount of

$2,252.00 for his rent.  (See Exhibit "JJ").

kk.  Check #22337 dated May 24, 2006 in the amount of $1,709.03 for which

defendant had a check cut to Tompkins Trust in the amount of $609.03 and a check to

himself in the amount of $1,080.00.  (See Exhibit "KK").

ll.  Check #22254 dated May 23, 2006 in the amount of $2,853.64 from which

defendant had a check cut to Chase in the amount of $933.64 and check to himself for

$1,900.00.  (See Exhibit "LL").

mm.  Check #22082 dated May 17, 2006 in the amount of $3,482.49 from

which defendant had a check cut payable to Cornell Club in the amount of $3,482.49.

(See Exhibit "MM").

nn.  Check #20847 dated April 27, 2006 in the amount of $5,045.63 from

which defendant had checks cut in the amount of $1,160.63 to pay his credit card at

Chase, $1,000.00 payable to Tompkins Trust and a check to himself in the amount of

$2,855.00. (See Exhibit "NN").

oo. Check #19318 dated March 21, 2006 in the amount of $1,233.00 from

which defendant had checks cut in the amount of $580.00 to himself, in the amount of

$623.00 to Tompkins Trust. (See Exhibit "OO").

pp. Check #18955 dated March 2, 2006 in the amount of $2,563.62 for which

defendant had checks cut in the amount of $1,200.00 to himself and $1,343.62 to

Tompkins Trust. (See Exhibit "PP").

qq. Check #18852 dated March 15, 2006 in the amount of $4,253.00 on

which defendant had put "Pressler and Pressler judgments" in which defendant had

cut checks to Kim Henderson in the amount of $1,200.00, Pressler and Pressler in the

amount of $1,223.00 which was never cashed and returned to trust account, and to

himself in the amount of $1,800.00. (See Exhibit "QQ").

rr. Check #16752 dated January 18, 2006 in the amount of $10,973.47 for

which defendant had checks cut to himself in the amount of $1,053.47 and David

Keller in the amount of $9,900.00. (See Exhibit "RR").

ss. Check #16028 dated November 21, 2005 in the amount of $15,967.00 for

which defendant had payable $14,267.00 to Hamilton Jewelers and $1,680.00 to

himself. (See Exhibit "SS").

tt. Check #13923 dated November 3, 2005 in the amount of $9,805.63 for

which defendant had checks payable to Tompkins Trust in the amount of $1,375.63,

himself in the amount of $900.00 and to an island resort for $7,500.00. (See Exhibit

"TT").

uu.  Check #13167 dated November 24, 2005 in the amount of $4,520.34 for which defendant had checks payable to Tompkins Trust in the amount of $2,100.34 and to Kim Henderson in the amount $2400.00. (See Exhibit "UU").

vv.  Check #13166 dated November 21, 2005 in the amount of $20,250.00 for which defendant had checks payable to Stockton Real Estate for his rent in the amount of $2,250.00, Mike Scott in the amount of $4,000.00, himself in the amount of $2,960.00.   (See Exhibit "VV").

ww.  Check #13067 dated December 28, 2005 in the amount of $5,936.32 for which defendant had paid the credit card at Chase in the amount of $2,286.32, himself in the amount of $2,820.00 and Tompkins Trust in the amount of $800.00.  (See Exhibit "WW").

xx.  Check #13064 dated October 24, 2005 in the amount of $4,631.00 from which defendant had paid his credit card to Chase in the amount of $2,501.00, Tompkins Trust in the amount of $1,200.00 and himself in the amount of $900.00. (See Exhibit "XX").

yy.  Check #13063 dated November 1, 2005 in the amount of $5,309.53 from which defendant had checks paid to Tompkins Trust in the amount of $1,200.00, himself in the amount of $2,629.53 and Drew Urian for $1,450.00 for childcare. (See Exhibit "YY").

zz.  Check #13062 dated October 31, 2005 in the amount of $21,240.00 for which defendant had caused to be spent $11,850.00 for his credit card at Chase Manhattan, $6,600.00 for his credit card at Tompkins Trust, $2,760.00 for Tompkins Trust. (See Exhibit "ZZ").

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

aaa.  Check #11173 dated September 26, 2005 in the amount of $5,720.00 from which defendant had paid $3,000.00 for his credit card at Chase, $2,700.00 to his credit card with Tompkins Trust.  (See Exhibit "AAA").

bbb.  Check #10381 dated November 25, 2005 in the amount of $14,093.80 and check #10382 dated November 25, 2005 in the amount of $12,203.50 from which defendant had paid $11,000.00 his child's tuition at Pennington School, $9,000.00 to Hamilton Jewelers, $1,500.00 to himself, $1,563.80 to Tompkins Trust and $2,993.50 to Chase and $200.00 back to Clear Advantage Title (See Exhibit "BBB").

ccc.  Check #2132 dated April 22, 2005 in the amount of $1,858.63 which defendant had deposited directly into his personal account. (See Exhibit "CCC").

ddd.  Check #2091 dated April 12, 2005 in the amount of $1,400.00 which defendant had deposited into his personal account.  (See Exhibit "DDD").

eee.  Check #2039 dated April 20, 2005 in the amount of $2,568.00 which defendant had deposited into his personal account. (See Exhibit "EEE").

fff.  Check #12722 dated October 18, 2005 in the amount of $1,250.00 directly to defendant.  (See Exhibit "FFF").

ggg.  Check #12721 dated October 18, 2005 in the amount of $830.00 payable directly to defendant which was cashed.  (See Exhibit "GGG").

hhh.  Check #12690 dated October 20, 2004 in the amount of $1,106.00 payable to defendant which defendant cashed.  (See Exhibit "HHH").

iii.  Check #9510 dated August 18, 2005 in the amount of $2,158.00 payable to defendant which defendant cashed.  (See Exhibit "III").

jjj.  Check #8774 dated July 17, 2005 in the amount of $2,300.00 which

defendant deposited into his checking account. (See Exhibit "JJJ").

kkk.  Check #7451 dated October 18, 2005 in the amount of $862.35 which defendant cashed. (See Exhibit "KKK").

lll.  Check #7450 dated October 18, 2005 in the amount of $1,038.00 which defendant deposited into his checking account. (See Exhibit "LLL").

mmm.  Check #7449 dated August 31, 2005 in the amount of $1,864.26 payable to defendant which he deposited. (See Exhibit "MMM").

nnn.  Check #7414 dated July 22, 2005 in the amount of $850.00 payable to defendant which he deposited. (See Exhibit "NNN").

ooo.  Check #6665 dated July 31, 2005 in the amount of $400.00 payable to defendant which he deposited into his account. (See Exhibit "OOO").

ppp.  Check #6663 dated July 29, 2005 in the amount of $350.00 which defendant deposited into his account. (See Exhibit "PPP").

qqq.  Check #6516 dated August 25, 2005 in the amount of $3,450.00 payable to defendant which defendant deposited into his account. (See Exhibit "QQQ").

rrr.  Check #6502 dated June 29, 2005 in the amount of $1,500.00 payable to defendant and deposited by defendant into his account. (See Exhibit "RRR").

sss.  Check #2147 dated July 7, 2005 in the amount of $4,870.00 payable to defendant and deposited by him into his account. (See Exhibit "SSS").

ttt.  Check #103881 dated April 11, 2006 in the amount of $7,346.58 from which defendant had paid the amount of $2,316.58 to Tompkins Trust, $3,500.00 to Resort Islands and $1,500.00 to himself. (See Exhibit "TTT").

uuu.  Check #103878 dated April 24, 2006 in the amount6 of $4,887.62 from

which defendant had paid Tompkins Trust in the amount of $2,367.62 and himself in the amount of $2,500.00.  (See Exhibit "UUU")

vvv.  Check #103875 dated April 18, 2006 in the amount of $2,954.39 from which defendant had paid $600.00 to Chase and $2,334.39 to himself.  (See Exhibit "VVV").

www.  Check #103872 dated March 27, 2006 in the amount of $990.00 from which defendant paid himself $690.00 and Tompkins Trust $280.00.  (See Exhibit "WWW).

xxx.  Check #103870 dated March 23, 2006 in the amount of $7,983.25 from which defendant had paid $1,400.00 to himself, $3,000.00 to Tompkins Trust, $1,443.25 to Tompkins Trust and $2,100.00 to Chase Manhattan Bank.  (See Exhibit "XXX").

yyy.  Check #103865 dated February 15, 2006 in the amount of $2,955.21 from which defendant had checks payable in the amount of $800.00 to Tompkins Trust, $925.00 to himself and $1,200.00 to Kim Henderson.  (See Exhibit "YYY").

zzz.  Check #103590 dated March 31, 2005 in the amount of $2,493.38 from which defendant had payable to the Howell Tax Collector.  (See Exhibit "ZZZ").

aaaa.  Check #103589 dated March 31, 2005 in the amount of $5,895.12 which defendant had payable to the Howell Tax Collector.  (See Exhibit "AAAA").

bbbb.  On file H13335 (Farmer to White) defendant did not pay off the mortgage and used the monies for various purposes.  As a result of this a claim was filed against plaintiff for $29,027.19.  (See Exhibit "BBBB").

cccc.  In plaintiffs file H11726 (Durham to Curtis) defendant again did not pay

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

off them mortgage, utilized the monies as a result of which a claim was filed against the plaintiff and the plaintiff had to pay the amount of $22,772.70. (See Exhibit "CCCC).

dddd. With respect to plaintiff's file F2086 defendant misused the disbursements on the file which caused a claim against plaintiff and plaintiff had to pay the amount of $3,316.32. (See Exhibit "DDDD").

Exhibits "A" through "DDDD" represent verified misappropriated funds by defendant from plaintiff's account through November 6, 2006. (Plaintiff is still searching and does not submit that this is the total amount of the embezzlement).

9. The above damages to date total $470,626.82 and plaintiff reserves the right to amend this complaint as additional verification and proofs are compiled as a result of an audit.

10. As a direct and proximate result of the breach of duty by defendant Jeff Gibbs and the outright fraud and misappropriation, plaintiff has suffered damages. Additionally, Holly Paxman is hereby made a defendant in the within action by virtue of the fact that certain assets which were purchased by defendant, Jeffrey Gibb, with misappropriated funds were placed in her name. To date, plaintiff has only been able to verify that the purchase of the home by defendants on Westcott Road in Princeton, New Jersey for which misappropriated funds were utilized, was placed in the name of the defendant, Holly Paxman. (See Exhibit "EEEE").

WHEREFORE, plaintiff demands judgment against the defendants, jointly, severally and in the alternative on this Count for damages together with interest, attorney fees and costs of suit.

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

## SECOND COUNT

1.  Plaintiff hereby repeats each and every allegation of the preceding Count and incorporates the same herein by reference.

2.  As a direct and proximate result of the breach of fiduciary duty by defendant, Jeffrey Gibb, plaintiff has suffered significant monetary damages, was forced to borrow $300,000.00 to cover the monies embezzled and misappropriated by defendant and may be forced to borrow additional monies to cover additional monies as the continuing investigation continues so as not to place plaintiff's trust account in default.  Plaintiff has additionally been forced to hire an attorney in an attempt to protect itself and proceed civilly against defendants.

WHEREFORE, plaintiff demands judgment against the defendants, jointly, severally and in the alternative on this Count for damages together with interest, costs and reasonable attorney fees.

## THIRD COUNT

1.  Plaintiff hereby repeats each and every allegation of the preceding Counts and incorporates the same herein by reference.

2.  The actions by defendant were willful, wanton and in total disregard of not only his fiduciary duty but the rights of plaintiff and were to done to either purposely cause harm to plaintiff or so recklessly that defendant knew or should have known of the ultimate harm to plaintiff.

3.  The actions by defendant are punitive in nature.

WHEREFORE, plaintiff demands judgment against the defendants, jointly,

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

severally and in the alternative for punitive damages together with interest, costs and reasonable attorney fees.

## FOURTH COUNT

1. Plaintiff hereby repeats each and every allegation of the preceding Counts and incorporates the same herein by reference.

2. The funds which are misappropriated by the defendant from plaintiff's accounts were used to purchased jewelry, homes, cars, vacations and other luxuries for defendant and defendant's wife.

3. As a result of the improper use of plaintiff's funds by defendant, plaintiff is requesting that a constructive trust be placed on all of defendant's assets.

WHEREFORE, plaintiff demands judgment against the defendant, jointly, severally and in the alternative for a constructive trust on all defendant assets together with interest, costs and reasonable attorney fees.

R. DOUGLAS HOFFMAN

DATED: November 14, 2006

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

## VERIFICATION

The undersigned of full age being duly sworn according to law upon my oath deposes and says that the foregoing statements contained in the within Verified Complaint are true based upon my own personal knowledge.

EDWARD FURFEY

Sworn to and subscribed to by me
this *18* day of October, 2006.

DONNA M. MULRINE
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 4/10/2008

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

# EXHIBIT B

R. DOUGLAS HOFFMAN, ESQUIRE
1300 Kuser Road
Hamilton, NJ    08619
(609) 585-6008

_____

Plaintiff

CLEAR ADVANTAGE TITLE
COMPANY, INC., A New Jersey
Corporation

v.

Defendant

JEFFREY GIBB and HOLLY
PAXMAN, husband and wife,
jointly, severally and in the
alternative.

_____

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MERCER COUNTY


DOCKET NO. MER-L-069-07

Civil Action

FIRST AMENDED  COMPLAINT

Plaintiff, Clear Advantage Title Company, Inc., having its principal place of

business at 1670 Whitehorse Hamilton Square Road, in the Township of Hamilton,

County of Mercer and State of New Jersey by way of first amendment to plaintiff's

original complaint against the defendant, says:

### FIRST COUNT

A. Paragraph 8 of plaintiff's original complaint is hereby amended to include

the following additional monies found to have been embezzled from plaintiff:

1, Check #65356 dated March 26, 2003 in the amount of $1,556.44.

2.  Check #81161 dated November 3, 2003 payable to Chase Mastercard in

the amount of $1,892.80. (See Exhibit "2").

3.  Check #65555 dated November 7, 2003 payable to defendant, Jeff Gibb, in

the amount of $1,653.00.  (See Exhibit "3")

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

4. Check #81204 dated November 7, 2003 payable to Jeff Gibb in the amount of $1,653.00. (See Exhibit "4").

5. Check #65557 dated November 24, 2003 payable to Chase Mastercard in the amount of $1,250.00. (See Exhibit "5").

6. Check #65556 dated December 5, 2003 payable to cash in the amount of $2,600.00. (See Exhibit "6").

7. Check #81422 dated December 16, 2003 payable to defendant in the amount of $1,000.00. (See Exhibit "7").

8. Check #82744 dated December 22, 2003 payable to cash in the amount of $2,460.00. (See Exhibit "8").

9. Check #82746 dated December 23, 2003 payable to cash in the amount of $4,287.70. See Exhibit "9").

10. Check #82700 dated January 8, 2004 payable to cash in the amount of $4,228.00. See Exhibit "10").

11. Check #65552 dated January 16, 2004 payable to cash in the amount of $400.00. See Exhibit "11").

12. Check #65554 dated January 19, 2004 payable to cash in the amount of $480.00. See Exhibit "12").

13. Check #65551 dated January 20, 2004 payable to cash in the amount of $2,889.00. (See Exhibit "13").

14. Check #78415 dated January 27, 2004 payable to Chase Mastercard in the amount of $4,123.00. (See Exhibit "14").

15. Check #78416 dated January 28, 2004 payable to cash in the amount of

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

$1,500.00. (See Exhibit "15").

16.  Check #65553 dated January 30, 2004 payable to cash in the amount of

$4,326.00. (See Exhibit "16").

17.  Check #83132 dated February 8, 2004 payable to cash in the amount of

$1,910.00. (See Exhibit "17").

18.  Check #78414 dated February 10, 2004 payable to cash in the amount of

$550.00.  (See Exhibit "18").

19.  Check #83104 dated February 12, 2004 payable to Tompkins Trust

Company in the amount of $1,100.00.  (See Exhibit "19").

20.  Check #83182 dated February 19, 2004 payable to cash in the amount of

$450.00.  (See Exhibit "20")

21.  Check #78413 dated February 21, 2004 payable to cash in the amount of

$1,100.00. (See Exhibit "21").

22.  Check #83131 dated February 27, 2004 payable to cash in the amount of

$300.00.  (See Exhibit "22").

23.  Check #83274 dated March 5, 2004 payable to cash in the amount of

$2,515.00.  (See Exhibit "23").

24.  Check #83345 dated March 8, 2004 payable to Tompkins Trust Company

in the amount of $900.00.  (See Exhibit "24").

25.  Check #83348 dated March 10, 2004 payable to cash in the amount of

$8,500.00.  (See Exhibit "25").

26.  Check #83349 dated March 10, 2004 payable to Chase Manhattan Bank in

the amount of $1675.00.  (See Exhibit "26").

27. Check #83393 dated March 16, 2004 payable to First Constitution Bank for defendant in the amount of $8,740.00. (See Exhibit "27").

28. Check #83350 dated March 17, 2004 payable to cash in the amount of $4,600.00. (Exhibit "28").

29. Check #83453 dated March 23, 2004 payable to Chase Mastercard in the amount of $2,700.00. (See Exhibit "29").

30. Check #83456 dated March 27, 2004 payable to cash in the amount of $5,740.00. (See Exhibit "30").

31. Check #83430 dated March 30, 2004 believed to be payable to Sears in the amount of $357.00. (See Exhibit "31").

32. Check #88046 dated April 3, 2004 payable to Tompkins Trust in the amount of $1,800.00. (See Exhibit "32").

33. Check #83429 dated April 7, 2004 payable to cash in the amount of $3,916.38. (See Exhibit "33").

34. Check #88058 dated April 15, 2004 payable to cash in the amount of $4,732.00. (See Exhibit "34").

35. Check #83455 dated April 28, 2004 payable to cash in the amount of $4,992.00. (See Exhibit "35").

36. Check #88126 dated April 28, 2004 payable to Chase Manhattan Bank in the amount of $2,465.00. (See Exhibit "36").

37. Check #88187 dated May 5, 2004 payable to Tompkins Trust in the amount of $1,800.00. (See Exhibit "37").

38. Check #82689 dated May 8, 2004 payable to cash in the amount of

$8,650.00. (See Exhibit "38")

39.  Check #88360 dated May 18, 2004 payable to cash in the amount of $9,600.00. (See Exhibit "39").

40.  Check #88429 dated May 24, 2004 payable to cash in the amount of $900.00.  (See Exhibit "40").

41.  Check #93182 dated August 28, 2004 payable to Tompkins Trust in the amount of $1,500.00.  (See Exhibit "41").

42.  Check #93097 dated September 9, 2004 payable to Tompkins Trust in the amount of $1,800.00 and check #78412 payable to Tompkins Trust in the amount of $1,450.00. (See Exhibit "42" and Exhibit "43").

43.  Check #102545 dated March 20, 2005 payable to Chase Cardmember Services in the amount of $2,885.00 and Check # 102546 dated March 21, 2005 payable to First Constitution Bank in the amount of $4,872.58.  (See Exhibit "RR").

44.  Check #102505 dated March 21, 2005 payable to First Constitution Bank in the amount of $6,753.70.  (See Exhibit "44")

45.  Check #102506 payable to First Constitution Bank in the amount of $713.00. (See Exhibit "45").

46.  Check #102507 payable to First Constitution Bank in the amount of $1,863.00. (See Exhibit "46").

47.  Check #101409 dated March 12, 2005 to Tompkins Trust in the amount of $1,500.00. (See Exhibit "47").

48.  Check #101489 dated March 20, 2005 to First Constitution Bank in the amount of $550.00. (See Exhibit "48").

49.  Check #102545 dated March 20, 2005to Chase Cardmember Services in the amount of $2,885.00. (See Exhibit "49").

50.  Check #102545 dated March 21, 2005 to First Constitution Bank in the amount of $4,872.58. (See Exhibit "50").

51.  Check #101404 dated March 12, 2005 to First Constitution Bank in the amount of $1,915.23.  (See Exhibit "51").

52.  Check #101353 dated March 28, 2005 to First Constitution Bank in the amount of $2,526.00.  (See Exhibit "52").

53.  Check #101348 dated March 1, 2005 to Chase Manhattan Bank in the amount of $4,961.00.  (See Exhibit "53").

54.  Check #101331 dated March 8, 2005 to Jeff Gibb, Esquire in the amount of $932.00.  (See Exhibit "54")

55.  Check #101316 dated March 15, 2005 to First Constitution Bank in the amount of $2,077.00.  (See Exhibit "55").

56.  Check #101320 dated March 21, 2005to First Constitution Bank in the amount of $736.00.  (See Exhibit "56").

57.  Check #101321 dated March 12, 2005 to First Constitution Bank in the amount of $1,356.13.  (See Exhibit "57").

58.  Check #101256 dated March 4, 2005 to First Constitution Bank in the amount of $1,402.85.  (See Exhibit "58").

59.  Check #101244 dated March 1, 2005 to First Constitution Bank in the amount of $1,768.00.  (See Exhibit "59").

60.  Check #101223 dated March 2, 2005 to Tompkins Trust Company in the

amount of $1,500.00. (See Exhibit "60").

61. Check #101213 dated February 20, 2005 to CLO Funding Group in the amount of $775.53. (See Exhibit "61").

62. Check #98816 dated March 1, 2004 to First Constitution Bank in the amount of $1,689.00. (See Exhibit "62").

63. Check #101193 dated February 10, 2005 to First Constitution Bank in the amount of $3,892.00. (See Exhibit "63").

64. Check #101206 dated February 20, 2005 to First Constitution Bank in the amount of $54,237.70. (See Exhibit "64").

65. Check #101178 dated February 9, 2005 to First Constitution Bank in the amount of $2,335.00. (See Exhibit "65").

66. Check #101129 dated February 13, 2005 to First Constitution Bank in the amount of $3,063.00. (See Exhibit "66").

67. Check #101003 dated February 3, 2005 to First Constitution Bank in the amount of $3,543.26. (See Exhibit "67").

68. Check #101004 dated February 6, 2005 to Tompkins Trust Company in the amount of $2,440.00. (See Exhibit "68").

69. Check #98957 dated January 30, 2005 to First Constitution Bank in the amount of $4,214.00. (See Exhibit "69").

70. Check #99000 dated January 10, 2005 to First Constitution Bank in the amount of $2,338.00. (See Exhibit "70").

71. Check #98856 dated January 18, 2005 to First Constitution Bank in the amount of $2,850.00. (See Exhibit "71").

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ 08619

72.  Check #98859 dated January 10, 2005 to Chase Manhattan Bank in the amount of $3,882.00. (See Exhibit "72").

73.  Check #98854 dated January 10, 2005 to Tompkins Trust Company in the amount of $1,522.00.  (See Exhibit "73").

74.  Check #98855 dated January 15, 2005 to First Constitution Bank in the amount of $3,054.00.

75.  Check #98768 dated December 31, 2004 to First Constitution Bank in the amount of $2,887.00.  (See Exhibit "75").

76.  Check #98769 dated January 5, 2004 to Jeff Gibbs in the amount of $4,797.00. (See Exhibit "76").

77.  Check #98207 dated December 20, 2004 to First Constitution Bank in the amount of $3,896.00.  (See Exhibit "77").

78.  Check #98210 dated December 21, 2004 to Tompkins Trust Company in the amount of $1,100.00.  (See Exhibit "78").

79.  Check #98211 undated made payable to First Constitution Bank in the amount of $3,709.00.  (See Exhibit "79").

80.  Check #97449 dated December 13, 2004 to First Constitution Bank in the amount of $17,192.00.  (See Exhibit "80").

81.  Check #97453 dated December 19, 2004 to Tompkins Trust Company in the amount of $3,500.00.  (See Exhibit "81").

82.  Check #97448 dated December 13, 2004 to First Constitution Bank in the amount of $11,784.00.  (See Exhibit "82").

83.  Check #97420 dated December 16, 2004 to First Constitution Bank in the

amount of $339.57.  (See Exhibit "83").

84.  Check #97421 dated December 14, 2004 to First Constitution Bank in the amount of $4,606.00.  (See Exhibit "84").

85.  Check #97378 dated December 6, 2004 to Chase Manhattan Bank in the amount of $4,342.00.  (See Exhibit "85").

86.  Check #97335 dated December 6, 2004 to Tompkins Trust Company in the amount of $1,903.00.  (See Exhibit "86").

87.  Check #97283 dated December 13, 2004 to First Constitution Bank in the amount of $3,010.00.  (See Exhibit "87").

88.  Check #97267 dated November 29, 2004 to Tompkins Trust Company in the amount of $1,957.92.  (See Exhibit "88").

89.  Check #83372 dated December 13, 2004 to First Constitution Bank in the amount of $2,510.00.  (See Exhibit "89").

90.  Check #97171 dated November 18, 2004 to First Constitution Bank in the amount of $4,797.00.  (See Exhibit "90").

91.  Check #97002 dated October 18, 2004 to Tompkins Trust Company in the amount of $1,800.00.  (See Exhibit "91").

92.  Check #97012 dated November 12, 2004 to First Constitution Bank in the amount of $9,000.00.  (See Exhibit "92").

93.  Check #94696 dated November 17, 2004 to Jerome Rossi in the amount of $32,657.07.  (See Exhibit "93").

94.  Check #94843 dated October 22, 2004 to Tompkins Trust Company in the amount of $1,250.00.  (See Exhibit "94").

95. Check #94844 dated October 22, 2004 to Chase Cardmember Services in the amount of $4,606.00.  (See Exhibit "95").

96. Check #94517 dated October 13, 2004 to cash in the amount of $1,248.00. (See Exhibit "96").

97. Check #93003 dated October 13, 2004 to cash in the amount of $2,321.00. (See Exhibit "97").

98. Check #94518 dated September 23, 2004 to cash in the amount of $3,292.00. (See Exhibit "98").

99. Check #94527 dated September 30, 2004 to Tompkins Trust Company in the amount of $2,009.00.  (See Exhibit "99").

100. Check #93182 dated September 1, 2004 to Tompkins Trust Company in the amount of $1,500.00. (See Exhibit "100").

101. Check #93097 dated September 15, 2004 to Tompkins Trust Company in the amount of $1,800.00.  (See Exhibit "101").

102. Check #93067 dated September 17, 2004 to cash in the amount of $3,285.00.  (See Exhibit "102").

103. Check #93059 dated September 15, 2004 to cash in the amount of $1,938.00.  (See Exhibit "103").

104. Check #93361 dated August 2, 2004 to cash in the amount of $1,625.00.  (See Exhibit "104").

105. Check #93307 dated August 13, 2004 to cash in the amount of $3,478.05.  (See Exhibit "105").

106. Check #93308 dated August 12, 2004 to Chase Card Services in the

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

amount of $1,396.00.  (See Exhibit "106").

107.  Check #93309 dated August 12, 2004 to Chase Card Services in the amount of $4,889.00.  (See Exhibit "107").

108.  Check #93310 dated August 13, 2004 to Tompkins Trust Company in the amount of $4,889.00.  (See Exhibit "108").

109.  Check #93486 dated July 6, 2004 to cash in the amount of $7,464.42. (See Exhibit "109").

110.  Check #93487 dated July 6, 2004 to cash in the amount of $5,560.02. (See Exhibit "110").

111.  Check #93407 dated July 23, 2004 to cash in the amount of $5,480.00. (See Exhibit "111").

112.  Check #89502 dated July 28, 2004 to cash in the amount of $1,838.00. (See Exhibit "112").

113.  Check #89623 dated June 15, 2004 to cash in the amount of $3,563.00. (See Exhibit "113").

114.  Check #89613 dated June 18, 2004 to cash in the amount of $4,450.00. (See Exhibit "114").

115.  Check #89575 dated June 24, 2004 to Chase Manhattan Bank in the amount of $3,965.00.  (See Exhibit "115").

116.  Check #89568 dated June 23, 2004 to cash in the amount of $5,101.00. (See Exhibit "116").

117.  Check #89501 dated June 30, 2004 to cash in the amount of $3,791.00. (See Exhibit "117").

118. Check #88493 dated June 9, 2004 to cash in the amount of $1,252.00.
(See Exhibit "118").

119. Check #88471 dated June 2, 2004 to cash in the amount of $3,473.00.
(See Exhibit "119").

120. Check #88477 dated June 3, 2004 to cash in the amount of $2,700.00.
(See Exhibit "120").

121. Check #88478 dated June 7, 2004 to Chase Platinum Mastercard in the
amount of $1,725.00.  (See Exhibit "121").

122. Check #98837 dated January 10, 2005 for $17,000.00 of which
defendant ultimately wrote a check for $17,000.00 to Landrover of Princeton towards
his car.  (See Exhibit "122").

123. Check #98804 dated January 5, 2004 for $10,988.00 from which
defendant ultimately wrote an additional check to Landrover of Princeton for
$10,978.00.  (See Exhibit "123").

124. Check #97449 dated December 13, 2004 for $17,192.00 of which
$17,182.00 was written to the Internal Revenue Service on behalf of defendant by
defendant.  (See Exhibit "124").

125. Check #97448 dated December 13, 2004 for $11,784.00 from which
defendant wrote checks for $5,234.00 to the IRS for himself and an additional check
to the IRS in the amount of $6,530.00.  (See Exhibit "125").

126. Check #102618 dated August 30, 2005 in the amount of $700.00 to
defendant.  (See Exhibit "126").

127. Check #102619 dated August 26, 2005 in the amount of $650.00 to

defendant. (See Exhibit "127").

128. Check #103824 dated August 22, 2005 in the amount of $940.00 to defendant. (See Exhibit "128").

129. Check #103820 dated July 25, 2005 in the amount of $1,020.00 to defendant. (See Exhibit "129").

130. Check #102625 dated July 28, 2005 in the amount of $1,350.00 to defendant. (See Exhibit "130").

131. Check #102626 dated July 20, 2005 in the amount of $1,600.00 to defendant. (See Exhibit "131").

132. Check #9999 dated July 18, 2005 in the amount of $500.00 to defendant. (See Exhibit "132").

133. Check #101126 dated May 9, 2005 in the amount of $4,000.00 to First Constitution Bank. (See Exhibit "133").

134. Check #101429 dated May 4, 2005 in the amount of $550.00 to Robert K. Santos. (See Exhibit "134").

135. Check # 101430 dated May 25, 2005 in the amount of S9,280.00 to Weidel Realtors. (See Exhibit "135").

136. Check #9999 dated June 6, 2005 in the amount of $200.23 to defendant. (See Exhibit "136").

137. Check #65501 dated June 6, 2005 in the amount of $2,886.00 to First Constitution Bank. (See Exhibit "137").

138. Check #65516 dated June 14, 2005 in the amount of S4,510.00 to First Constitution Bank. (See Exhibit "138").

139.  Check #65517 dated June 17, 2005 in the amount of $2,350.00 to First Constitution Bank.  (See Exhibit "139").

140.  Check #65518 dated June 14, 2005 in the amount of $2,060.00 to First Constitution Bank.  (See Exhibit "140").

141.  Check #65519 dated June 14, 2005 in the amount of $786.00 to First Constitution Bank.  (See Exhibit "141").

142.  Check #65520 dated June 14, 2005 in the amount of $1,886.00 to First Constitution Bank.  (See Exhibit "142").

143.  Check #65521 dated June 21, 2005 in the amount of $1,863.00 to First Constitution Bank.  (See Exhibit "143").

144.  Check #65522 dated June 6, 2005 in the amount of $849.00 to First Constitution Bank.  (See Exhibit "144").

145.  Check #65502 dated May 27, 2005 in the amount of $2,200.00 to Tompkins Trust Company.  (See Exhibit "145").

146.  Check #65503 dated May 23, 2005 in the amount of $1,880.00 to First Constitution Bank.  (See Exhibit "146").

147.  Check #65504 dated May 18, 2005 in the amount of $1,645.00 to First Constitution Bank.  (See Exhibit "147").

148.  Check #65512 dated May 20, 2005 in the amount of $2,050.00 to Tompkins Trust Company.  (See Exhibit "148").

149.  Check #65513 dated May 23, 2005 in the amount of $5,100.00 to Chase Card Services.  (See Exhibit "149").

150.  Check #65514 dated May 26, 2005 in the amount of $3,006.00 to First

Constitution Bank. (See Exhibit "150").

    151. Check #65515 dated May 26, 2005 in the amount of $1,300.00 to First

Constitution Bank. (See Exhibit "151").

    152. Check #102590 dated May 6, 2005 in the amount of $2,263.00 to First

Constitution Bank. (See Exhibit "152").

    153. Check #102601 dated May 3, 2005 in the amount of $1,000.00 to First

Constitution Bank. (See Exhibit "153").

    154. Check #102602 dated May 3, 2005 in the amount of $2,450.00 to First

Constitution Bank. (See Exhibit "154").

    155. Check #102604 dated May 6, 2005 in the amount of $6,510.00 to First

Constitution Bank. (See Exhibit "155").

    156. Check #102606 dated May 13, 2005 in the amount of $1,943.00 to First

Constitution Bank. (See Exhibit "156").

    157. Check #103825 dated August 17, 2005 in the amount of $1,100.00 to

defendant. (See Exhibit "157").

    158. Check #103826 dated August 17, 2005 in the amount of $12,610.00 to

First Constitution Bank. (See Exhibit "158").

    159. Check #103827 dated August 15, 2005 in the amount of $4,987.87 to

First Constitution Bank. (See Exhibit "159").

    160. Check #103828 dated August 12, 2005 in the amount of $500.00 to

defendant. (See Exhibit "160").

    161. Check #103831 dated August 26, 2005 in the amount of $6,825.00 to

Chase Manhattan Bank. (See Exhibit 161").

162. Check #103832 dated August 23, 2005 in the amount of $650.00 to defendant. (See Exhibit "162").

163. Check #103589 dated April 1, 2005 in the amount of $51,793.19 to First Constitution Bank. (See Exhibit "163").

164. Check #103590 dated April 1, 2005 in the amount of $2,493.38 to First Constitution Bank. (See Exhibit "164").

165. Check #102600 dated April 15, 2005 in the amount of $1,522.00 to First Constitution Bank. (See Exhibit "165").

166. Check #102591 dated April 26, 2005 in the amount of $1,842.00 to First Constitution Bank. (See Exhibit "166").

167. Check #101468 dated April 5, 2005 in the amount of $3,448.00 to Chase Cardmember Services. (See Exhibit "167").

168. Check 101438 dated April 11, 2005 in the amount of $3,924.00 to First Constitution Bank. (See Exhibit "168").

169. Check #101439 dated April 11, 2005 in the amount of $2, 653.00 to First Constitution Bank. (See Exhibit "169").

170. Check #101434 dated April 15, 2005 in the amount of $2,869.00 to Chase Cardmember Services. (See Exhibit "170").

171. Check #97284 dated April 4, 2005 in the amount of $1,437.00 to First Constitution Bank. (See Exhibit "171").

Exhibits 1 through 171 represent verified misappropriated funds by defendant from plaintiff's account which are in addition to the amounts contained in the Verified Complaint.

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

B. The above damages to date total $470,626.82 from the original complaint and the additional sum contained in the First Amended Complaint of $687,567.60 totaling the sum of $1,158.194.42 and plaintiff reserves the right to amend this complaint again as additional verifications and proofs are compiled as result of a continuing audit.

WHEREFORE, plaintiff demands judgment against the defendants, jointly, severally and in the alternative on this Count for damages together with interest, attorney fees and costs of suit.

## FIFTH COUNT

1. Plaintiffs repeat each and every allegation of the preceding Counts and incorporate the same herein by reference.

2. Upon discovery that defendant, Jeffrey Gibb, had been illegally taking and using monies from plaintiff to support a lifestyle which is well above his means, plaintiff did an investigation both into the amount of monies taken and into the work performed for plaintiff by defendant from the years in question, namely 2003, 2004, 2005 and 2006.

3. Plaintiff has discovered that defendant breached his contract with plaintiffs and that he did not perform the work contracted for, did not resolve problems for which he was hired to resolve and generally did not perform in accordance with the standards expected of him by plaintiff and agreed to with plaintiff at the inception of his employment.

4. Plaintiff has been damaged in that plaintiff has paid defendant a salary during the time defendant was embezzling monies from plaintiff over the years 2003

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ 08619

through and including 2006 which total salaries pay equal $397,500.00.

5. As a direct and proximate result of the breach by defendant of his contract with plaintiff concerning the duties to be performed by defendant, plaintiff has over paid defendant to plaintiff's detriment relying upon defendant's representations that the work for which he was hired was being performed.

6. As a result of defendant's breach, plaintiff has suffered considerable damages including but not limited to salaries paid to defendant for the years 2003 through 2006 for work thought to have been performed by defendant but not performed by defendant requiring plaintiff to both pay out claims and deal with problems which should have been handled by defendant during his employment but which were not.

WHEREFORE, plaintiff demands judgment against defendant, Jeffrey Gibb, in this Count in the amount of $397,500.00, together with interest, attorney fees and costs of suit.

R. DOUGLAS HOFFMAN

DATED: January 4, 2007

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

# EXHIBIT C



R. DOUGLAS HOFFMAN, ESQUIRE
1300 Kuser Road
Hamilton, NJ    08619
(609) 585-6008

| | |
|---|---|
| Plaintiff | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MERCER COUNTY |
| CLEAR ADVANTAGE TITLE<br>COMPANY, INC., (A New Jersey<br>Corporation) EDWARD A.M.<br>FURFY | |
| v. | DOCKET NO.   MER-L-69-07 |
| | Civil Action |
| Defendant | SECOND AMENDED  COMPLAINT |
| JEFFREY GIBB and HOLLY<br>PAXMAN, husband and wife and<br>1st CONSTITUTION BANK<br>jointly, severally and in the<br>alternative. | |

Plaintiff, Clear Advantage Title Company, Inc., having its principal place of

business at 1670 Whitehorse Hamilton Square Road, in the Township of Hamilton,

County of Mercer and State of New Jersey and plaintiff, Edward A.M. Furfy having

its principal place of business at 1670 Whitehorse Hamilton Square Road, Hamilton,

New Jersey hereby amends the original complaint and first amended complaint by

adding Edward A.M. Furfy, the sole shareholder of Clear Advantage Title Company,

Inc. as an additional plaintiff, by amending Count 1, paragraphs 3 and 10 of the

original Complaint and Count 4 of the original Complaint as it pertains to Holly

Paxman, by adding Count 6 and 7 against the defendant, Jeffrey Gibb, and Count 8, 9,

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

10 and 11 as to adding as an additional party defendant , 1st Constitution Bank,

Cranbury, Middlesex County, New Jersey, by way of second amended complaint

against said defendants and added defendant, says:

## CAPTION

The caption is hereby amended to include Edward A. M. Furfy as sole

stockholder of Clear Advantage Title Company, Inc. as a party plaintiff with respect

to all Counts of the original Complaint, First Amended Complaint and the within

Second Amended Complaint and also to pursue a claim for indemnification against

the defendants herein.

## FIRST COUNT. PARAGRAPH 3 AND 10

Paragraph 3 and paragraph 10 of the First Count of the original Complaint are

hereby amended as follows:

Paragraph 3 - At all times herein mentioned, Holly Paxman was the wife of

the defendant, Jeffrey Gibb and by virtue of their marriage benefitted as a third party

beneficiary by the accumulation of assets as a result of the actions of the defendant,

her husband, Jeffrey Gibb and additional knew or should have known that the assets

being accumulated and the monies being spent by the parties were well above their

means and she either intentionally ignored it and/or intentionally and/or passively

condoned it and/or participated with the defendant, Jeffrey Gibb, to permit and

encouraged his actions which permitted a lifestyle which she knew or should have

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

known was well above their means given his salary.

Paragraph 10 - As a direct and proximate result of the breach of duty by the defendant Jeff Gibb and the outright fraud and misappropriate, plaintiff has suffered damages. Additionally, the defendant, Holly Paxman, by virtue of her marriage to the defendant, Jeffrey Gibb benefitted as a third party beneficiary by the accumulation of assets as a result of the actions of the defendant, her husband, Jeffrey Gibb, and additionally knew or should have known that the assets being accumulated and the monies being spent by the parties were well above their means and she either intentionally ignored it and/or passively condoned it and/or participated with the defendant, Jeffrey Gibb to permit an encourage his actions which permitted a lifestyle which she knew or should have known was well above their means given his salary.

WHEREFORE, plaintiff demands judgment against the defendants, jointly, severally and in the alternative on this Count for damages, together with interest, attorney fees and costs of suit.

## FOURTH COUNT

The Fourth Count is hereby amended as follows:

1. Plaintiff hereby repeats each and every allegation of the preceding Counts and incorporates the same herein by reference.

2. The funds which were misappropriated by the defendant, Jeffrey Gibb, with knowledge either directly or implied, condoned or intentionally ignored by the

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

defendant, Holly Paxman, were used to purchase jewelry, homes, cars, vacations and other luxuries for the defendants.

3. As a result of the improper use of plaintiff's funds by the defendants, plaintiff is requesting a constructive trust be placed on all the defendants assets.

WHEREFORE, plaintiff demands judgment against the defendants, jointly, severally and in the alternative for constructive trusts on all defendants assets together with interests, costs and reasonably attorney fees.

## SIXTH COUNT

1. Plaintiff hereby repeats each and every allegation of the preceding Counts and incorporates the same herein by reference.

2. The defendant Jeffrey Gibb was hired by plaintiff as a staff attorney who is responsibility included all legal issues that arose from the title commitment until the title policy was issued. Examples of these responsibilities were obtained in pay offs and judgments, discharge mortgages, clearing any ordinary title problems and claims that arose, resolving bounced checks and following up on needed documentation to close out files so that a title policy could be issued.

3. Subsequent to Mr. Gibb being discharged, plaintiff conducted an audit of its accounts and found that defendant had mis-handled and/or defrauded plaintiff's business matters in many instances. This breach of contract, fiduciary duties and other duties by defendant were hidden from plaintiff in that defendant Jeffrey Gibb

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

intercepted any and all correspondence relating to these issues. In fact, plaintiff lost

one of its underwriters, namely Stewart Title because of defendant withholding letters

from a principal of plaintiff.

4. As a direct and proximate result of the breach of contract, fraud and

intention actions and duty owed to plaintiff by defendant, plaintiff has suffered

additional damages in the amount of $877,749.55.

WHEREFORE, plaintiff demands judgment on this Count against the

defendant, Jeffrey Gibb, in the amount of $877,749.55 together with interest, costs

and reasonable attorney fees:

## SEVENTH COUNT

1. Plaintiff hereby repeats each and every allegation of the preceding Counts

and incorporates the same herein by reference.

2. As a direct and proximate result of the breach, fraud and intentional actions

and duty on the part of defendant, condoned or participated in either intentionally or

passively by defendant, Holly Paxson.   Plaintiff went out of trust during the week of

June 25, 2007.

3. As a result of plaintiff going out of trust, plaintiff's underwriter, The

American Title Insurance Company, closed plaintiff's business and began conducting

an audit.

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

4. Not only is plaintiff being sued by American Title Insurance Company for reimbursement for monies to be paid by them for plaintiff being out of trust, plaintiff's business has been terminated solely as a result of the actions of defendant in breaching his contract and defrauding plaintiff with respect to his misappropriating plaintiff's trust monies.

5. As a direct and proximate result of defendant's actions, plaintiff has lost a profitable business, lost its underwriter, has gone out of trust and has lost significant monies and profits from what was a thriving business which profits and monies are lost both now and in the future.

WHEREFORE, plaintiff demands judgment against the defendant, Jeffrey Gibb, for:

a. Loss of profits both now and in the future.

b. Damages both actual and consequential.

c. For damages for the loss of his business.

d. Seeking indemnity for any action brought against plaintiffs in any capacity by the American Title Insurance Company, its underwriter.

e. For plaintiff being out of trust.

f. Interest.

g. Attorney fees.

h. Costs of suit.

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

I. For such other relief as the Court may deem adequate or to compensate plaintiff for damages not discovered at the current time.

## EIGHTH COUNT

1. Plaintiffs repeat each and every Count of the original complaint and first amended complaint and incorporates the same herein by reference.

2. At all times herein mentioned, plaintiff, Clear Advantage Title Company, is a title agency licensed by the State of New Jersey which maintained a trust account with the defendant, 1st Constitution Bank, being account #'s 1501996612 (opened February, 1998) and 976002286 (opened April, 2005).   At all times herein mentioned the plaintiff, Edward A.M. Furfy is the principal of Clear Advantage Title Company, Inc. and an alleged guarantor on the Agency Agreement with First American Title Insurance Company.

3. At all times herein mentioned, the defendant, 1st Constitution Bank, is a banking corporation in the State of New Jersey, is subject to the laws of the State of New Jersey, is engaged in the business of banking and was the bank in which plaintiff's trust account was held.

4. On or about February, 1998, account #1501996612 was opened and in April of 2005, account #976002286 was opened by plaintiff with defendant which account was known as Clear Advantage Title, Inc., trust account.  Pursuant to the Agreement entered into, (see Exhibit "A") 1st Constitution Bank agreed to honor

checks presented for payment which were signed by authorized signors of plaintiff

pursuant to its Agreement with defendant bank (see Exhibit "A").

5. The defendant, Jeffrey Gibb, was an employee of plaintiff who commenced

employment of February 28, 2003 as a title examiner. The said Jeffrey Gibbs was not

an officer of plaintiff's corporation and was not an authorized signor on plaintiff's

Agreements with defendant, 1st Constitution Bank, with respect to plaintiff's trust

account.

6. Beginning on or about October 1, 2003 and continuing until on or about

October 12, 2006, the defendant, 1st Constitution Bank, breached its contract with

plaintiff by allowing defendant, Jeffrey Gibb, to sign checks of plaintiff without

authorization and to cash those checks; to endorse checks of plaintiff and direct that

other checks be issued by defendant, 1st Constitution Bank, to pay personal expenses

of defendant, Jeffrey Gibbs; and to direct unendorsed checks of plaintiffs made

payable to plaintiff to effectively be cashed and permit defendant, Jeffrey Gibb, to

direct other checks to be issued by 1st Constitution Bank to other payees at the

direction of the defendant, Jeffrey Gibb, who did not have authority to do so.

7. As a direct and proximate result of the breach negligence and failure to

exercise ordinary care, by the defendant, 1st Constitution Bank, plaintiff has suffered

significant damages in that the defendant, Jeffrey Gibb, was permitted to misdirect

funds of plaintiffs for his own benefit even though not authorized to do so on

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

plaintiff's account.

8.  As a result of defendant, 1st Constitution Bank's breach of contract, plaintiff has suffered significant damages in that defendant, Jeffrey Gibb, has been permitted by defendant, 1st Constitution Bank, to misdirect and defraud plaintiff of more than one million ($1,000,000.00) dollars .

WHEREFORE, plaintiffs demand judgment on this Count for damages, interest, attorney fees and costs of suit.

## NINTH COUNT .

1.  Plaintiffs repeat each and every allegation of the preceding Count of both the second amended complaint, first amended complaint and the original complaint and hereby incorporates the same herein by reference.

2.  As a direct and proximate result of the breach, negligence and failure to exercise ordinary care by the defendant, 1st Constitution Bank, plaintiff, Clear Advantage Title became out of Trust and there Agency Agreement with First American Title Insurance Company was terminated on or about June 25, 2007 thereby closing plaintiff's business.  Additionally, First American Title Insurance Company has instituted suit against plaintiff, Clear Advantage Title Company, Inc. and Edward A.M. Furfy as an alleged guarantor of Clear Advantage Title Company, Inc. for monies and damages as a result of plaintiff, Clear Advantage Title being out of Trust which was directly as a result of the actions and/or inactions of the defendant, 1st

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ   08619

Constitution Bank by permitting Jeffrey Gibb to perform unauthorized acts.

WHEREFORE, plaintiffs demand judgment against the defendant, on this Count for:

      a.  Loss of profits both now and in the future.

      b.  Damages by actual and consequential.

      c.  For damages for the loss of the business.

      d.  Seeking indemnification for any action brought against plaintiffs in any capacity by the First American Title Insurance Company, its underwriter.

      e.  For plaintiff being out of Trust.

      f.  Interest.

      g.  Attorney fees.

      h.  Costs of suit.

      I.  For such other relief as the Court may deem adequate to compensate plaintiff for damages not discovered at the current time.

## TENTH COUNT

1.  Plaintiff repeats each and every allegation of the preceding Counts and incorporates the same herein by reference.

2.  The actions by the defendant, Jeffrey Gibb, who is not an authorized signor on the account which were permitted by the defendant, 1st Constitution Bank, were so outside of the scope of the ordinary course of business and the failure on the part of the defendant, 1st Constitution Bank, to recognize this and properly monitor plaintiff's

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

account was not only a failure on the part of the defendant to exercise ordinary care but constituted recklessness which would entitle plaintiff to treble damages.

WHEREFORE, plaintiff demands judgment on this Count against the defendant for treble damages, attorney fees, interest and costs of suit.

## ELEVENTH COUNT

1. Plaintiff hereby repeats each and every allegation of the preceding Counts and incorporates the same herein by reference.

2. The actions by defendants were in violation of the New Jersey Consumer Fraud Act under title N.J.S.A. 56:8-1, etc.

3. As a result of the violation of the New Jersey Consumer Fraud Act by defendants, plaintiff suffered damages as aforesaid and is entitled to the statutory remedies provided.

WHEREFORE, plaintiff demands judgment against the defendants for treble damages under the New Jersey Consumer Fraud Act and attorney fees together with damages, interest and costs of suit.

R. DOUGLAS HOFFMAN

DATED: July 6, 2007

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

## CERTIFICATION

I hereby certify that the matter in controversy in the within action is not the subject of any other action pending in any Court or of a pending arbitration proceeding. I further certify to the best of my knowledge that the matter in controversy in the within action is not the subject of any other action or arbitration proceedings which is contemplated. I further certify that I am not aware of any party who should be joined in this action. I hereby certify that the foregoing statements made by me are true and I am aware if any of the foregoing statements made by me are willfully false, I am subject to punishment.

R. DOUGLAS HOFFMAN

R. Douglas Hoffman
1300 Kuser Road
Trenton, NJ  08619

# EXHIBIT D

ATKINSON & DEBARTOLO, P.C.
The Galleria, 2 Bridge Avenue
Building Two, Third Floor
P.O. Box 8415
Red Bank, New Jersey 07701
BA9186
Attorney for Trustee, Bunce D. Atkinson

| | |
|---|---|
| CLEAR ADVANTAGE TITLE, INC. (a New Jersey Corporation) and EDWARD A. M. FURFEY,<br><br>               Plaintiffs,<br><br>v.<br><br>JEFFREY GIBB and HOLLY PAXMAN, husband and wife and 1ST CONSTITUTION BANK, jointly, severally and in the alternative,<br><br>               Defendants. | SUPERIOR COURT OF NEW LAW DIVISION MERCER COUNTY DOCKET NO.: MER-L-69-07<br><br>           Civil Action<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL** |

TO:    THE CLERK OF THE SUPERIOR COURT:

        PLEASE TAKE NOTICE that the within matter has been removed this day to the United States Bankruptcy Court for the District of New Jersey Vicinage based upon the Notice of Removal (the "Notice") annexed hereto as Exhibit "A". Upon filing the Notice, Plaintiff, Clear Advantage Title has effected removal pursuant to 28 *U.S.C.* § 1452.

Dated:  October 22, 2008

                                      Respectfully submitted,

                                      ATKINSON & DEBARTOLO, P.C.
                                      Attorneys for Trustee for the
                                      Debtor Estate of Clear Advantage

                                      */s/ Bunce D. Atkinson*

                BY:                      BUNCE D. ATKINSON, ESQ.

cc:  Sodini & Spina,LLC, Attys. for First Constitution Bank
     Kevin Hart, Esq., Atty. for Defendants Gibb and Paxman
     Edward A. M. Furfey